PACIFICA
LAW GROUP

T 206.245.1700
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
pacificalawgroup.com

September 14, 2018

The Honorable Youlee Yim You
Mark O. Hatfield United States Courthouse
Room 1227
1000 Southwest Third Avenue
Portland, Oregon 97204-2939

Re: Multnomah County v. Azar, et al.
United States District Court No. 3:18-cv-01015-YY

To the Honorable Youlee Yim You:

The parties write jointly to respond to the Court's Order of August 30, 2018 that the parties "confer and submit to the court by September 14, 2018, a proposed order suspending the lapse provision and extending the term of budget authority." The parties have met and conferred and have been unable to agree on a proposed order. The parties' respective proposed orders and positions are set forth below.

In the course of the parties' discussions, Defendants represented to Multnomah County that, prior to September 22, 2018, HHS will not obligate funds that would have been obligated under the now-vacated 2018 Tier 1 Funding Opportunity Announcement ("2018 Tier 1 FOA"). In light of the impending expiration of the Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, 132 Stat. 348, on September 30, 2018 as well as Defendants' representation to refrain from obligating Tier 1 funds only until September 22, 2018, the parties jointly request that the Court expeditiously convene a status conference to discuss the parties' differing positions as to the scope of the Court's Opinion and Order and the status of the funds that are the subject of this litigation.

**Multnomah County's Proposed Order and Position Statement**

Multnomah County proposes that the Court enter the following order.

The Court ORDERS that:

1. For the purposes of this Order, the "Funds" shall mean any and all funds from the Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, 132 Stat. 348, 733, appropriated to fund Tier 1 competitive grants for "replicating programs that have been proven effective through rigorous evaluation to reduce teenage pregnancy, behavioral risk factors underlying teenage pregnancy, or other associated risk factors," excluding funds obligated to the 2015 Tier 1 grantees and any non-competing continuation awards made thereto.

2. For the reasons stated in the Court's Opinion and Order of August 30, 2018, Doc. No. 76, the 2018 Tier 1 FOA is vacated and Defendants are hereby enjoined from obligating or disbursing money pursuant to that FOA.

3. Any potential lapse of the appropriation of the Funds and subsequent reversion of the Funds back to the general Treasury is suspended; the term of budget authority is extended; and HHS shall not obligate or disburse the Funds until the later of (a) final resolution of this litigation (including any appellate proceedings) or (b) HHS's lawful obligation and disbursement of the Funds consistent with this Court's August 30, 2018 Opinion and Order.

4. To certify compliance with this Order and facilitate orderly resolution of this litigation when the conditions in paragraph 3 are met, HHS shall provide the Court and Plaintiff Multnomah County with at least seven days' notice prior to any disbursement of the Funds.

Multnomah County's proposed order is consistent with the Court's August 30, 2018 Opinion and Order, authorities governing preservation of remedies in grant disputes, and the County's arguments throughout this litigation. *See* August 30, 2018 Opinion and Order at 9-11; *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 139-142 (2d Cir. 2010); *City of Houston, Tex. v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1426-27 (D.C. Cir. 1994). *City of Houston* and its progeny direct that a plaintiff in a grant dispute must file "suit before the relevant appropriation lapses" and seek to "prevent the agency from disbursing those funds." *City of Houston*, 24 F.3d at 1427. This is the case because, without such a preservation order in place, as the County explained in its Motion for Preliminary Injunction and Partial Summary Judgment (Doc. No. 29 at 33), Multnomah County could lose its remedy before the end of this litigation. *See id.* ("[O]nce the relevant funds have been obligated, a court cannot reach them in order to award relief.") (quoting *City of Houston*, 24 F.3d at 1426)).

Here, the "relevant funds" in need of preservation are those that were available for obligation pursuant to the 2018 Tier 1 FOA competition (an amount the Government declined to reveal to the County as part of the meet and confer process), not the County's fractional share—as the Government now attempts to argue to this Court for the first time in this litigation. As the County has explained previously, in order to receive full relief for its competitive injury, it must be able to participate in a lawful competition for any funds obligated under Tier 1 of the TPP Program, and all of those funds must be preserved until they are lawfully obligated and disbursed. *See*

Pl.'s Reply in Support of its Motion for Preliminary Injunction and Partial Summary Judgment at 2 (Doc. No. 58) ("[T]he County has requested that the Court enjoin and preserve *awards* for fiscal year 2018, a well-established remedy that would protect *applicants'* opportunities to pursue funding beyond September 30, 2018." (internal citations omitted) (emphasis added)).

Moreover, because the Consolidated Appropriations Act requires that TPP Program funding be spent on "*competitive* contracts and grants," 132 Stat. at 733, the Government's post-judgment attempt to narrow the relief to only a fraction of the funds at issue is nonsensical and unworkable. The Government does not explain how such a limited amount of funds could be disbursed pursuant to a "competitive" grantmaking process, as required by statute, nor how such a process could conform to the agency's detailed grantmaking regulations, *see* 45 C.F.R. Part 75. A *City of Houston* order preserving a remedy for the County's injuries therefore must cover the entirety of the remaining funds allocated to Tier 1 to ensure that the County's injuries do not become unredressable by a lapse in appropriation.

**Defendants' Proposed Order and Position Statement**

On August 30, 2018, this Court directed that "[t]he parties shall confer and submit to the court by September 14, 2018, a proposed order suspending the lapse provision and extending the term of budget authority." Pursuant to this directive, and subject to the conditions discussed below, Defendants consent to the following proposed order:

The Court ORDERS that

1. Any potential lapse of the appropriation of the Funds (as described below) and subsequent reversion of the Funds back to the general Treasury is suspended, and the term of budget authority is extended, until a final resolution of this litigation (including any appellate proceedings) or until this order is no longer in effect. For the purposes of this Order, the "Funds" shall mean funds from the Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, 132 Stat. 348, 733, appropriated to fund Tier 1 competitive grants for "replicating programs that have been proven effective through rigorous evaluation to reduce teenage pregnancy, behavioral risk factors underlying teenage pregnancy, or other associated risk factors," not to exceed the amount for which Plaintiff Multnomah County applied in its 2018 Tier 1 FOA Application.

Plaintiff's proposed order is improper for several reasons.

First, the Court's directive to confer and submit a proposed order encompassed only the suspension of a lapse of funds, and the extension of budget authority. It did not encompass an order prohibiting HHS from dispersing Tier 1 funds by means other than through the vacated FOA. Plaintiff's request for relief in the complaint also did not include a request that this Court prohibit HHS from spending Tier 1 funds other than by means of the 2018 Tier 1 FOA.

Second, this Court's August 30, 2018 opinion and judgment does not prohibit HHS from spending Tier 1 funds other than by means of the 2018 Tier 1 FOA, which the Court's order vacated. Yet Plaintiff seeks to vastly expand the scope of relief the Court awarded by restricting HHS from dispersing Tier 1 funds in other ways. The Court limited its relief to vacating the 2018 Tier 1 FOA and preventing a lapse in funding. Plaintiff may not re-open summary judgment in this meet-and-confer process in order to obtain broader relief against HHS's operation of the TPP Program or expenditure of its funds. Consequently, Plaintiff is also not entitled to receive notice, as requested in its proposed order, prior to HHS's expenditure of Tier 1 funds by means other than the 2018 Tier 1 FOA. Nor should the Court accept Plaintiff's proposed language limiting expenditure of Tier 1 funds except "consistent with this Court's August 30, 2018 order," because the Court's August 30, 2018 order speaks for itself, and limits its relief to vacating the FOA. HHS has not suggested it will violate that order and use the FOA to award funds pending appeal, and courts "presume that agencies will follow the law." *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1082 (9th Cir. 2010).

Third, an order preventing the lapse of funds should be limited to the amount Plaintiff requested in its FOA application, because any relief to which Plaintiff may be entitled does not exceed that amount. Plaintiff instead requests an order preventing the lapse of all the FY 2018 Tier 1 funds, when Plaintiff only requested a very small portion of those funds. This is inappropriate. Plaintiff did not file a class action for all Tier 1 applicants. Plaintiff's interests do not exceed the amount of funding that Plaintiff actually requested and does not have standing to challenge anything more. Plaintiff's complaint does not provide jurisdiction for the Court to issue an order governing funds beyond the amount for which Plaintiff applied.

Finally, although Defendants agree, pursuant to this meet and confer process, to an order preventing the lapse of funds in the amount for which Plaintiff applied, Defendants do so only on condition that Defendants preserve their ability to challenge such an order on appeal. Defendants believe the Court does not have authority to prevent the lapse of any FY 2018 Tier 1 TPP funds under the precedent cited by the Court or 31 U.S.C. § 1502(b). That statute specifies a lapse is only prevented when funds are subject to "rights of action involving *the right to an amount* payable from the balance" of an appropriation. *Id.* (emphasis added). But no grant applicant such as Plaintiff has a "right to an amount payable" of the TPP Program appropriation, and Plaintiff has conceded as much. ECF No. 58 (Pl.'s Opp. & Reply Br.) at 11. Plaintiff did not request an amount payable in the complaint, and the Court's award of summary judgment did not give Plaintiff any right to an amount payable. Therefore the Court does not have authority to prevent lapse of these funds under 31 U.S.C. § 1502(b). Even if Plaintiff had asserted a right to Tier 1 funds, applicants for discretionary grant funding such as Plaintiff do not actually have such a right. *See, e.g.*, *City of Houston, Tex. v. Dep't of Housing & Urban Dev.*, 24 F.3d 1421, 1424-25 (procedural violation denied plaintiff of block grant funding to which it was entitled).

PACIFICA LAW GROUP LLP

s/ Gregory J. Wong
Jessica A. Skelton, OSB No. 102714
Gregory J. Wong, *Admitted Pro Hac Vice*
Alanna Peterson, *Admitted Pro Hac Vice*
Pacifica Law Group LLP
1191 2nd Ave, Suite 2000
Seattle, WA 98101
Telephone: 206-245-1700
Facsimile: 206-245-1750
E-mail: Gregory.wong@pacificalawgroup.com

Attorneys For Plaintiff

DEMOCRACY FORWARD

s/ Josephine Morse
Josephine Morse, *Admitted Pro Hac Vice*
Jeffrey Dubner, *Admitted Pro Hac Vice*
Javier M. Guzman, *Admitted Pro Hac Vice*
Democracy Forward Foundation
1333 H Street NW
Washington, DC 20005
Telephone: 202-701-1772
E-mail: jmorse@democracyforward.org

Attorneys for Plaintiff

UNITED STATES DEPARTMENT OF JUSTICE

JOSEPH H. HUNT
Assistant Attorney General

BILLY J. WILLIAMS
United States Attorney

/s/ Michael J. Gerardi
Michael J. Gerardi
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7210
Washington, D.C. 20530
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: michael.j.gerardi@usdoj.gov

Attorneys for Defendants